## GALLAGHER v. CALIFORNIA BRICK CO.

(Circuit Court of Appeals, Fifth Circuit. April 14, 1925.)

No. 4508.

1. **Master and servant** ⟨⟩185(6)—**Injured pipe fitter held not entitled to recover for fellow employee's negligence in installing block and tackle.**

Where fact that fellow employees, and not employer, usually installed blocks and tackles for use of pipe fitters was undisputed, pipe fitter, who was injured by fall of block and tackle, could not recover for employee's failure to properly install it, regardless of what class of employees actually installed it.

2. **Master and servant** ⟨⟩289(16) — **Use of block and tackle to reach platform, instead of using means provided by employer, held not negligence as matter of law.**

Where evidence did not show that means provided by employer for reaching swinging platform was safer than block and tackle installed by injured employee's fellow employees, he was not negligent as matter of law in using block and tackle instead of means provided by employer.

3. **Master and servant** ⟨⟩287(2)—**Competency of fellow workmen who installed block and tackle held for jury.**

Verdict for pipe fitter, injured by fall of block and tackle negligently installed, *held* warranted by evidence on ground of employer's failure to exercise reasonable care in selecting competent fellow servants, and it was therefore error to direct verdict for employer.

4. **Master and servant** ⟨⟩265(12)—**Burden on employer failing to inquire into employee's competency to prove competency.**

Burden is on employer, who fails to inquire into employee's fitness when his services are engaged, to prove that employee is competent, and it will not be presumed that employee is negligent rather than incompetent, since, until contrary is shown, employee is presumed to exercise reasonable care in performing his duty.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by George H. Gallagher against the California Brick Company. Judgment for defendant, and plaintiff brings error in forma pauperis. Reversed and remanded for new trial.

J. L. Doggett and W. McL. Christie, both of Jacksonville, Fla. (Doggett, Christie & Doggett, of Jacksonville, Fla., on the brief), for plaintiff in error.

Sam R. Marks, W. E. Kay, Thos. B. Adams, and Reuben Ragland, all of Jacksonville, Fla. (Marks, Marks & Holt, of Jacksonville, Fla., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action to recover damages for personal injuries sustained by the plaintiff, Gallagher, while he was employed as a pipe fitter by the defendant company on the steamship Moffitt.

Several counts of the declaration are based upon defendant's negligence in failing to provide a safe appliance by means of which plaintiff could get from a door to a swinging platform about five feet below in order to take out a joint of pipe. The appliance provided, and which plaintiff used, was a block and tackle. It is not alleged that the block and tackle itself was defective, but that it was improperly and negligently fastened to an overhead beam. The defenses to this charge of negligence were that there was a safe way by which plaintiff could have reached the platform, and that defendant did not assume to set up temporary appliances, such as blocks and tackles, but relied upon plaintiff and his fellow servants to install such appliances as from time to time might be necessary.

Other counts allege that the block and tackle was fastened to the beam by incompetent employees of defendant, designated as the "roustabout gang," and that defendant was negligent in failing to use reasonable care in the selection of competent employees.

Defendant was outfitting a new steamship called the Moffitt. Its work consisted of putting in machinery, pipes, water, and heating systems, and generally of completing the ship so as to make it ready to engage in commerce. It had in its employ six or eight different classes of workmen, including machinists, boilermakers, pipe fitters, painters, carpenters, and riggers. For the purpose of

removing a faulty section of a pipe which extended from the engine room to the deck of the ship, the so-called roustabout gang, acting under instructions of plaintiff's foreman, erected a swinging platform about five feet below a door on deck, and hung a block and tackle so as to enable plaintiff to disconnect a joint of pipe in order that it might be removed. There was a cleat nailed to the side of the ship below the door and about halfway between it and the platform. The platform was not directly under the door, but was several feet off to one side. Plaintiff attempted to reach the platform by means of the block and tackle, but the hook slipped out of the sling, and as a result he fell to the bottom of the hold and was severely injured. One turn of the sling was taken over a beam, and the hook of the upper block was put through both bights of the sling. There was expert testimony for plaintiff that the proper and safe way would have been to put one bight through the other and hang the hook in a single bight; and that the method employed was unsafe, because when the hook is passed through two bights, and one becomes taut and the other slack, the tendency is to force the slack bight out of the hook, and thus leave the block and tackle without anything to hold it up.

While defendant's evidence tended strongly to show that it had riggers on board whose duty it was to hang blocks and tackles for all classes of workmen employed on the ship, and who were fully competent to perform that duty in a proper manner, there was substantial evidence on behalf of plaintiff that these riggers had not been accustomed to hang blocks and tackles for pipe fitters, but that in practice their activities had been limited to operating a large crane which was used to put heavy machinery in place on the ship, and that the work of hanging blocks and tackles for pipe fitters had been performed by the roustabout gang, who as a rule passed the hook through two loops of the sling. There was further evidence for plaintiff to the effect that defendant's superintendent and manager were constantly on board ship and had ample opportunity to observe and to know that it was usual for the roustabout gang to do this kind of work, and to do it in the manner just stated. It is not disputed that the members who from time to time constituted this gang were selected by the foreman of the pipe fitters without any inquiry being made of them as to whether they knew how to install a block and tackle. The man who actually hung the block and tackle which gave way with plain-

tiff did not testify, and there was no direct evidence tending to show that he was not competent to perform that kind of work.

At the close of all the evidence, the District Court granted defendant's motion to direct a verdict in its favor. Plaintiff excepted, and assigns error.

[1] Plaintiff contends that the trial court should have submitted to the jury the question whether defendant assumed the duty to provide a block and tackle installed and ready for use, or whether it committed the performance of that duty to its employees. There is no conflict in the evidence on this point. According to plaintiff's evidence, it was usual for the roustabout gang to hang blocks and tackles; whereas, according to defendant's evidence, that work was assigned to the riggers; but all the witnesses agreed that this class of work was to be done by employees and not by the employer. It follows that in so far as negligence was based on defendant's failure properly to install the block and tackle, plaintiff was not entitled to recover.

[2] The defense that the employer had provided a safe way for descent from the door to the platform is not sufficiently shown by the evidence to compel the conclusion that one way was any safer than the other. The cleat was so arranged that it would have been necessary for plaintiff to hold on to the sill of the door with one hand and to the pipe off to one side with the other, and to step from the cleat to the platform, which, as already stated, was not directly below but was also off to the side. It was therefore not negligence as a matter of law to use the block and tackle instead of the cleat.

[3] The evidence shows without serious dispute that defendant did have competent riggers in its employ, but there is sharp conflict between the witnesses as to whether the riggers ever installed blocks and tackles for pipe fitters. There was substantial evidence for plaintiff that the riggers only operated the crane, that for a considerable period of time the work of hanging blocks and tackles for pipe fitters had been performed by the roustabout gang, and that defendant's superintendent and foreman were frequently present and knew, or should have known, that such work whenever required was done by the roustabout gang. It was therefore open to the jury to find that, notwithstanding the employment of riggers, the preparation and installation of means of getting up and down on the ship to do the work assigned to pipe fitters was intrusted by defendant, not to the riggers, but to the roustabout gang. If the jury should so find, they would be warranted in rendering a verdict for plaintiff, because of defendant's failure to exercise reasonable care in the selection of competent fellow servants.

[4] As there was no direct testimony to the effect that the employee who hung the block and tackle which fell with plaintiff was incompetent, defendant contends that at most only the negligence of a fellow servant was shown, and that proof of a single act of negligence does not tend to prove incompetency, since, as it is said, the most capable servants are sometimes careless. It being established that no inquiry as to the employee's fitness was made when his services were engaged, the burden was on defendant to show that he was in fact competent. Under such circumstances, it will not be presumed that he was negligent rather than incompetent; for, until the contrary be made to appear, an employee is presumed to exercise reasonable care in the performance of his duty. 2 Cooley on Torts (3d Ed.) 1414; Clements v. Electric Light Co., 44 La. Ann. 692, 11 So. 51, 16 L. R. A. 43, 32 Am. St. Rep. 348; 10 R. C. L. 881. Besides, evidence of the manner in which the particular employee under consideration performed the work assigned to him on the occasion of plaintiff's injury, coupled with testimony that that was the way the same kind of work usually had been done with defendant's knowledge and implied approval, was enough to require the submission of the issue of his competency to the jury.

The judgment is reversed, and the cause remanded for a new trial.